IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA M. PAIANI,                )
                                   )
            Plaintiff,             )
                                   )
    vs.                            )   Civil Action No.  2:14-1480
                                   )
CAROLYN COLVIN, Acting Commissioner )
of Social Security,                )
                                   )
            Defendant.             )
                                   )

AMBROSE, Senior District Judge

**MEMORANDUM ORDER OF COURT**

On October 30, 2014, Plaintiff, Patricia M. Paiani, filed a Motion for Leave to Proceed *in forma pauperis*. (Docket No. 1). I granted that Motion on November 5, 2014. On November 5, 2014, Plaintiff's Complaint was filed. (Docket No. 2).

Under 28 U.S.C. § 1915(e)(2), district courts must dismiss a claim filed *in forma pauperis* if the court determines, *inter alia*, that the action is "frivolous or malicious" or that it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). The court may *sua sponte* dismiss an *in forma pauperis* complaint under this provision "at any time" during the cause. Id. Screening under Section 1915(e)(2) is required even if a Plaintiff pursues an appeal as of right, including an appeal of the Commissioner's denial of social security disability benefits. See, e.g., Garza v. Astrue, No. 1:12-cv-00776-SMS, 2012 WL 1868573, at *1 (E.D. Cal. May 22, 2012).

The language in Section 1915(e)(2)(B)(ii), "fails to state a claim upon which relief may be granted," is substantially similar to that used in Federal Rule of Civil Procedure 12(b)(6). When deciding whether to grant or deny a 12(b)(6) motion, the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does no need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculation level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level). In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678 (citations omitted). The Court must accept all well-pleaded factual allegations as true, but do not need to accept as true "a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

It is well-established that, generally, parties "must exhaust prescribed administrative remedies before seeking relief from the federal courts." McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992). The law applicable to social security cases states that:

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days. . . .

42 U.S.C. § 405(g); see also 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. . . ."). Section 405(g) is the sole basis for judicial review of the Commissioner's decisions.

Under the Social Security regulations, a claimant must complete a four-step administrative review process before obtaining judicial review of a claim for benefits: (1) initial determination; (2) reconsideration; (3) a hearing before an administrative law judge; and (4) Appeals Council review. 20 C.F.R. §§ 404.900(a)(1)-(4); 416.1400(a)(1)-(4). After completing these steps, the

agency will have made its "final decision" and the claimant "may request judicial review by filing an action in a Federal district court." See 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

Here, it is clear from the Complaint that this Court lacks jurisdiction over Plaintiff's case. The Complaint alleges that Plaintiff has certain impairments such as post-traumatic stress disorder, anxiety, and occupational disorder, and that she was evaluated at a hospital for her symptoms. See ECF No. 2, ¶ 2. The Complaint also states Plaintiff was abused by an ex-husband who punched her in the ear resulting in slurred speech. Id. ¶ 3. Plaintiff alleges that she is currently working part-time due to her medical conditions and that her conditions "go[] back approximately 15 years." Id. ¶¶ 4-5. The Complaint further notes that Plaintiff previously was represented by counsel (Kenneth Hiller), but that she ended her contract with him. Id. ¶ 1. There is no indication anywhere in the Complaint, however, that Plaintiff ever availed herself of the four-step administrative review process before filing her claim in this Court or that there has been a final decision by the Commissioner after a hearing as required by 42 U.S.C. § 405(g). Accordingly, I am without jurisdiction over Plaintiff's Complaint, and it must be dismissed pursuant to 28 U.S.C. § 1915(e).[1] See Zeman v. Comm'r of Soc. Security, No. 12-cv-12909, 2012 WL 4513812 (E.D. Mich. Aug. 20, 2012), adopted by 2012 WL 4511261 (E.D. Mich. Oct. 1, 2012); Doty v. Comm'r of Soc. Security Admin, No. 1:11-cv-424, 2011 WL 3566311 (S.D. Ohio June 29, 2011), adopted by 2011 WL 3566001 (S.D. Ohio Aug. 12, 2011).

Therefore, this 24th day of November, 2014, it is ordered that Plaintiff's Complaint (Docket No. 2) be dismissed with prejudice based on lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B). This case shall be marked "CLOSED."

---

[1] On March 18, 2014, Plaintiff properly filed an appeal with this Court seeking review of the final decision of the Commissioner denying an application she made for Social Security Disability Insurance Benefits and Supplemental Security Income. See Civ. A. No. 14-345 (W.D. Pa.), Docket No. 2. Attorney Kenneth Hiller, whom Plaintiff references in this Complaint, represented her in that action. On September 3, 2014, I granted Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment and entered Judgment for Defendant and against Plaintiff on Plaintiff's claim in that case. See id. Docket Nos. 12, 13. The case was closed at that time. To the extent Plaintiff's instant Complaint stems from the same application, which it does not allege, that claim already has been adjudicated and I lack jurisdiction to review that claim a second time here.

BY THE COURT:


/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge